THE SEVEN VALLEYS BANK V. CHARLOTTE M. WISE.

FILED JUNE 5, 1901.    No. 9,819.

1. **General Demurrer:** ASSIGNMENTS OF ERROR. Where a trial court overrules a general demurrer to a petition and renders judgment in favor of the plaintiff for the full amount of his claim, assignments of error that (1) the court erred in overruling the demurrer, and (2) in giving judgment in favor of the plaintiff instead of against him, call only for an inquiry as to whether the petition states a cause of action.

2. **Petition Good on Demurrer.** In an action on a certificate of deposit, a petition which alleges that the certificate was duly issued, that plaintiff is the owner of it, that it was duly presented and payment refused, and that defendant claims to have a partial defense, can not be successfully assailed by general demurrer.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J. *Affirmed.*

*R. E. Brega* and *Kirkpatrick Bros.*, for plaintiff in error.

*Alphonso Moore, contra.*

SULLIVAN, J.

This was an action by Charlotte M. Wise against the Seven Valleys Bank upon a certificate of deposit. The court overruled a general demurrer to the petition and rendered judgment in favor of the plaintiff for the full amount of her claim. The bank brings the record here for review, alleging in its petition in error that the court erred (1) in overruling the demurrer; and (2) in not giving

judgment in favor of the defendant instead of against it. Under these specifications of error we need only inquire whether the petition states a cause of action. We think it does. After alleging the corporate character of the bank and the issuance by the bank of a certificate of deposit to plaintiff's agent, and in his name, in payment of a remainder due upon a sale of plaintiff's property made by such agent to one F. J. Black, the petition proceeds as follows: "That said certificate was by said agent duly presented and payment thereon demanded from said bank upon said day, April 22, 1897, and payment thereof refused, defendant alleging at such time that said Black had not deposited the currency but a draft, and that the said bank could not pay for a few days as they were short on currency, whereupon said agent turned over said certificate properly indorsed to plaintiff, and thereafter, to-wit, on May 14, 1897, said plaintiff presented said certificate to said bank properly and demanded payment thereon which was by said bank refused for the reason as claimed by said bank that they had discovered an old note against the agent of plaintiff, A. H. Wise, which the bank held, and that they, the said bank, would withhold and had set apart $146.55, of such fund in liquidation of said note, to which, at the time, plaintiff protested, alleging that the cattle and the certificate being the proceeds of the sale thereof was her separate and distinct property which fact was and is true." These averments show plainly enough that the bank issued the certificate and that plaintiff is the owner of it. They do not show that the defendant has any lawful excuse for withholding payment of any part of the $280 mentioned in the certificate; they merely disclose the reason given by the bank for refusing to pay all of it. The defendant might have had reasons plenty as blackberries, yet they would avail it nothing if merely stated to the plaintiff and not shown to the court. The petition undoubtedly states a cause of action. The judgment is right and is

AFFIRMED.